UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH A. TRICARIO,<br><br>             Defendant. | 07 Mag. 860<br><br>DEFENDANT JOSEPH A. TRICARIO'S<br>MOTION TO MODIFY CONDITIONS OF BAIL |

Defendant Joseph A. Tricario respectfully requests that this Court modify the conditions of his bail to allow him to leave his home solely for the purpose of employment. Without this modest alteration of the terms of Mr. Tricario's bail, it is likely he will lose his steady job, and his wife and two young children will suffer severe financial hardship to the point of being forced to sell their home.

**Background**

Mr. Tricario was arrested on May 30, 2007 on the basis of a criminal complaint alleging one count of violating 18 U.S.C. § 894(c). On that date, the Honorable Frank Maas set the following bail package: a $5 million personal recognizance bond, co-signed by four financially responsible individuals and secured by $1 million in cash or property; home incarceration with electronic monitoring; travel within the Southern and Eastern Districts of New York; surrender of travel documents (and no new applications); pretrial supervision; and no direct or indirect contact with the alleged victim. Mr. Tricario was released from post-arrest detention on June 19, 2007.

1

**Bail Conditions Barring Employment Create Severe Hardship**

Mr. Tricario and his wife own their home in East Meadow, NY, and spend the majority of their take-home pay on the mortgage and related payments. Up to the date of Mr. Tricario's arrest, he worked for Shaw Environmental at a construction site on Staten Island, and earned approximately $3,600 per month. Mrs. Tricario works in medical billing, and earns approximately $2,400 per month. The Tricarios' mortgage payment on their home is approximately $4,400 per month, and they also have normal monthly expenses for automobiles, food and clothing, and utilities. The Tricarios have essentially no savings, and lack other resources to pay their expenses. Although they were able to make the June mortgage payment, the Tricarios will be unable to make future mortgage payments, beginning with the payment due July 15, unless Mr. Tricario is allowed to return to work.

Mrs. Tricario and the Tricarios' two children, ages 2 and 6, are unsure where they will live if they are forced to sell their house due to the bail conditions preventing Mr. Tricario from working and supporting his family.

**Permitting Mr. Tricario to Work Does Not Endanger the Community**

Mr. Tricario does not present a danger to the community.[1] As noted above, he has been released on bail under terms of home confinement since June 19. Under the terms of his release, he is required to appear at Pretrial Services in Central Islip, and is permitted to drive himself – alone – from his home to Pretrial Services, a driving distance of more than 20 miles. Likewise, Mr. Tricario is permitted to drive to Manhattan for conferences with his attorneys, a distance of over 20 miles in the other direction. Mr.

---

[1] Mr. Tricario has one prior conviction, dating back to 1990, for possession of a firearm. He has not been in trouble with the law since that time.

Tricario has been released under these terms for over two weeks, and has not violated any of the terms of his bail. There is no reason that he should not be able to travel directly to and from work within the Southern and Eastern Districts of New York, as well.

Frankly, the Government's previous contention that Mr. Tricario poses a danger to anyone in the community – and particularly to the alleged victim of the charged offense – is undercut by the fact that the Government did not move to arrest or detain Mr. Tricario for six months after the arrest of his alleged co-conspirator, Charles Salzano, on November 29, 2006.[2] The charging documents against Salzano make clear that the victim of Salzano's offense is the same individual providing the evidence against Mr. Tricario. Thus, Mr. Tricario has known of the fact that this person has been providing evidence to the government for six months, but has at no time attempted to contact or in any way intimidate or influence this person. Mr. Tricario was not then, and is not now, a danger to this individual or to the community at large.

Mr. Tricario will remain subject to strict supervision by Pretrial Services, and does not seek to alter the condition of his bail requiring electronic monitoring through an ankle bracelet. He simply wants to be permitted to work so that his wife and children do not lose their home while he awaits trial.

### 18 U.S.C. § 3142 Prescribes Less Restrictive Conditions and Employment

The federal bail statute requires that pretrial release should be on the least restrictive condition or combination of conditions that will reasonably assure appearance at trial and the safety of any other person and the community. 18 U.S.C. §

---

[2] Mr. Salzano has since pled guilty, and been sentenced to a term of 39 months' imprisonment. Defense counsel does not have any information to suggest that Mr. Salzano in his allocution implicated Mr. Tricario in any way.

3

3142(c)(1)(B).[3] Seeking or maintaining employment is statutorily endorsed as a condition of bail. 18 U.S.C. § 3142(c)(1)(B)(ii). Allowing Mr. Tricario to resume employment, and to travel directly to and from a place of employment, is consistent with the requirements of § 3142, the safety of the community, and the welfare of Mr. Tricario's wife and children. Mr. Tricario is not challenging the remaining, still strict, conditions of his bail.

ACCORDINGLY, Defendant Joseph A. Tricario respectfully requests that the conditions of his bail be modified to allow him to work and to travel directly to and from his place of employment.

Dated: New York, New York
July 9, 2007

_____/s_____
Douglas M. Tween
DT-7920
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036-7703
Tel: (212) 626-4355
Fax: (212) 310-1655

Attorneys for Defendant
Joseph A. Tricario

---

[3] We recognize that § 3142(e) states that there is a rebuttable presumption for offenses charged under § 924(c), but note that Magistrate Judge Maas determined that the presumption was in fact rebutted when he set bail for Mr. Tricario on May 30.

4